Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, NY 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

GUILLEN PICON VILLALOBOS, JOSE YONER DELGADO NAVARRO, FREDDY BILBAO, DANILO GIOVANNI TAIPE GUTIERREZ and JOSE RAUL FRANCIA ESTRADA, *individually and on behalf of others similarly situated,*

*Plaintiffs*,

-against-

LT PLUMBING SERVICES INC. (D/B/A LT PLUMBING SERVICES), EMPIRE STATE CONTRACTORS CORP. (D/B/A EMPIRE STATE CONTRACTORS), 1 ARBOR LLC (D/B/A 1 ARBOR), PINE BUILDERS CORP. (D/B/A PINE BUILDERS CORPORATION), 170 MONTICELLO LLC (D/B/A 170 MONTICELLO), EXOTIC DESIGN & WIRE LLC. (D/B/A EMPIRE STATE CONTRACTORS GROUP), GABRIEL HENRIQUE PEDRO GONCALVES, SALVATORE NICCHITTA (A/K/A NICCHITTA JR.), JOSEPH EVENHAR, OREN EVENHAR, ALON EVENHAR, DAVID DENIS AND BARRY SEPTIMUS

*Defendants.*
-------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**COLLECTIVE ACTION**

**UNDER 29 U.S.C. § 216(b)**

**AND RULE 23 CLASS**

**ACTION**

**ECF Case 25-CV-10784**

Plaintiffs Guillen Picon Villalobos, Jose Yoner Delgado Navarro, Freddy Bilbao, Danilo Giovanni Taipe Gutierrez  and Jose Raul Francia Estrada, individually and on behalf of others similarly situated (collectively, “Plaintiffs”), by and through their attorneys, Michael Faillace &

Associates, P.C., upon their knowledge and belief, and as against LT Plumbing Services Inc.(d/b/a LT Plumbing Services), Empire State Contractors Corp. (d/b/a Empire State Contractors), 1 Arbor LLC (d/b/a 1 Arbor), Pine Builders Corp. (d/b/a Pine Builders Corporation), 170 Monticello LLC (d/b/a 170 Monticello), Exotic Design & Wire LLC. (d/b/a Empire State Contractors Group) ("Defendant Corporations"), and Gabriel Henrique Pedro Goncalves, Salvatore Nicchitta (a/k/a Nicchitta Jr.), Joseph Evenhar, Oren Evenhar, Alon Evenhar, David Denis and Barry Septimus ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs are former employees of LT Plumbing Services Inc. (d/b/a LT Plumbing Services), and Gabriel Henrique Pedro Goncalves (collectively, "Defendants").

2. Defendants own, operate, and/or control a Plumbing company headquartered at 176 Lincoln Avenue, Mineola, New York 11501 under the name LT Plumbing Services.

3. Upon information and belief, Individual Defendant Gabriel Henrique Pedro Goncalves, Salvatore Nicchitta (a/k/a Nicchitta Jr.), Joseph Evenhar, Oren Evenhar, Alon Evenhar, David Denis and Barry Septimus serve or served as owner, manager, principal, or agent of Defendant Corporations and, through this corporate entity, operate or operated the Plumbing company as a joint or unified enterprise.

4. Plaintiffs were employees of Defendants.

5. Plaintiffs were employed as plumbers and plumbing assistants in a number of construction projects located in Manhattan including 38 W. 8th Street, New York , NY 10011 in which the general contractor was Empire State Contractors Corp (d/b/a Empire State Contractors) which is owned by Salvatore Nicchitta (a/k/a Nicchitta Jr.), 5055 Broadway, New

York, NY 10034 in which the subcontractor is 1 Arbor LLC (d/b/a 1 Arbor) and Pine Ridge Corp. (d/b/a Pine Ridge Corporation) which are owned by Joseph Evanhar, Oren Evanhar, and Alon Evenhar and a project in Jersey City, NJ located at 170-174 Monticello Avenue, Jersey City, NJ 07304 in which the general contractor is 170 Monticello LLC (d/b/a 170 Monticello) which is owned by David Denis and Barry Septimus. Plaintiffs were employed as plumbers and plumbing assistants in a number of construction projects located in Manhattan including 38 W. 8th Street, New York , NY 10011 in which the general contractor was Exotic Design & Wire LLC. (d/b/a Empire State Contractors Group) which is owned by Salvatore Nicchitta (a/k/a Nicchitta Jr.), 5055 Broadway, New York, NY 10034 in which the subcontractor is 1 Arbor LLC (d/b/a 1 Arbor) and Pine Ridge Corp. (d/b/a Pine Ridge Corporation) which are owned by Joseph Evanhar, Oren Evanhar, and Alon Evenhar and a project in Jersey City, NJ located at 170-174 Monticello Avenue, Jersey City, NJ 07304 in which the general contractor is 170 Monticello LLC (d/b/a 170 Monticello) which is owned by David Denis and Barry Septimus

6. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation, for the hours that they worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**<u>JURISDICTION AND VENUE</u>**

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

**<u>THE PARTIES</u>**

*Plaintiffs*

15. Plaintiff Guillen Picon Villalobos ("Plaintiff Picon" or "Mr. Picon") is an adult individual residing in Queens County, New York. Plaintiff Picon was employed by Defendants from approximately June 2, 2021 until on or about October 12, 2025.

16. Plaintiff Jose Yoner Delgado Navarro ("Plaintiff Delgado" or "Mr. Delgado") is an adult individual residing in Bronx County, New York. Plaintiff Delgado was employed by Defendants from approximately November 2023 until on or about May 18, 2025.

17. Plaintiff Freddy Bilbao ("Plaintiff Bilbao" or "Mr. Bilbao") is an adult individual residing in Bergen County, New Jersey. Plaintiff Bilbao was employed by Defendants from approximately June 2, 2021 until on or about December 6, 2025.

18. Plaintiff Danilo Giovanni Taipe Guiterrez ("Plaintiff Gutierrez" or "Mr. Gutierrez") is an adult individual residing in Essex County, New Jersey. Plaintiff Gutierrez was employed by Defendants from approximately August 2024 until on or about March 30, 2025.

19. Plaintiff Jose Raul Francia Estrada ("Plaintiff Estrada" or "Mr. Estrada") is an adult individual residing in Bronx County, New York. Plaintiff Estrada was employed by Defendants from approximately March 2, 2024 until on or about March 2025.

20. Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21. At all times relevant to this Complaint, Defendants own, operate, and/or control a Plumbing company headquartered at 176 Lincoln Avenue, Mineola, New York 11501 under the name LT Plumbing Services.

22. Upon information and belief, LT Plumbing Services LLC, (d/b/a LT Plumbing Services), is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 176 Lincoln Avenue, Mineola, New York 11501.

23. Upon information and belief, Empire State Builders Corp. (d/b/a Empire Builders Corporation), is a domestic corporation organized and existing under the laws of the state of New York owned by Salvatore Nicchitta (a/k/a Nicchitta Jr.). Upon information and belief, it was the general contractor at a construction project located at 38 W. 8th Street, New York, NY 10011 in which it subcontracted the plumbing work to LT Plumbing Inc. (d/b/a LT Plumbing Services). It maintains its principal place of business at 5717 2nd Avenue, 2nd Floor Brooklyn, NY 11220

24. Upon information and belief, Exotic Design & Wire LLC. (d/b/a Empire State Contractors Group), is a domestic corporation organized and existing under the laws of the state of New York owned by Salvatore Nicchitta (a/k/a Nicchitta Jr.). Upon information and belief, it was the general contractor at a construction project located at 38 W. 8th Street, New York, NY 10011 in which it subcontracted the plumbing work to LT Plumbing Inc. (d/b/a LT Plumbing Services). It maintains its principal place of business at 5717 2nd Avenue, 2nd Floor Brooklyn, NY 11220.

25. Upon information and belief, 1 Arbor LLC (d/b/a 1 Arbor), and Pine Builders Corp. (d/b/a Pine builders Corporation) are domestic corporations organized and existing under the laws of the state of New York owned by Joseph, Oren and Alon Evenhar. Upon information and belief, they were the general contractors at a construction project located at 5055 Broadway, New York, NY 10034 in which they contracted LT Plumbing Inc. (d/b/a LT Plumbing Services) to perform the plumbing part of the project. Upon information and belief, it maintains its principal place of business at 1222 Avenue M, Brooklyn, New York 11230.

26. Upon information and belief, 170 Monticello LLC, (d/b/a 170 Monticello), is a domestic corporation organized and existing under the laws of the state of New Jersey and is owned by David Denis and Barry Septimus. Upon information and belief, it was the general contractors at a construction project located at 170-174 Monticello Avenue, Jersey City, NJ 07304 and subcontracted the Plumbing part of the project to LT Plumbing Services Inc. Upon information and belief, it maintains its principal place of business at 497 West Side Avenue, Suite 101, Jersey City, NJ 07304.

27. Defendant Gabriel Henrique Pedro Goncalves is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gabriel Henrique Pedro Goncalves is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Gabriel Henrique Pedro Goncalves possess or possessed operational control over Defendant Corporations, possess or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

28. Defendant Salvatore Nicchitta (a/k/a Nicchitta Jr.) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Salvatore Nicchitta (a/k/a Nicchitta Jr.) is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Salvatore Nicchitta (a/k/a Nicchitta Jr.) possess or possessed operational control over Defendant Corporations, possess or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

29. Defendant Joseph Evenhar is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Evenhar is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Joseph Evenhar possess or possessed operational control over Defendant Corporations, possess or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

30. Defendant Oren Evenhar is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Oren Evenhar is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Oren Evenhar possess or possessed operational control over Defendant Corporations, possess or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

31. Defendant Alon Evenhar is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alon Evenhar is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Alon Evenhar possess or possessed operational control over Defendant Corporations, possess or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

32. Defendant David Denis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Denis is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant David Denis possess or possessed operational control over Defendant Corporations, possess or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

33. Defendant Barry Septimus is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Barry Septimus is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Barry Septimus possess or possessed operational control over Defendant Corporations, possess or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

34. Defendants operate a Plumbing company under the name “LT Plumbing Services” which performs construction projects in Manhattan and Jersey City, NJ.

35. Upon information and belief, Individual Defendants Gabriel Henrique Pedro Goncalves, Salvatore Nicchitta, Joseph Evenhar, Oren Evenhar, Alon Evenhar, David Denis and Barry Septimus possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

36. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

37. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

38. Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. §§ 201 *et seq*. and the NYLL.

39. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

40. Upon information and belief, individual Defendants Gabriel Henrique Pedro Goncalves, Salvatore Nicchitta, Joseph Evenhar, Oren Evenhar, Alon Evenhar, David Denis and Barry Septimus operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

a. failing to adhere to the corporate formalities necessary to operate Defendant Corporations as a Corporation,

b. defectively forming or maintaining the corporate entity of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e. operating Defendant Corporations for their own benefit and maintaining control over these Corporation as closed Corporations,

f. intermingling assets and debts of their own with Defendant Corporations,

g. diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h. Other actions evincing a failure to adhere to the corporate form.

41. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

42. In each year from 2021 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used daily at Defendants Plumbing company such as hammers, measuring tools, extensions, and other plumbing tools were produced outside the state of New York.

*Individual Plaintiffs*

44. Plaintiffs are former employees of Defendants, and worked as plumbers and plumbing assistants.

45. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Guillen Picon Villalobos*

46. Plaintiff Picon was employed by Defendants from approximately June 2, 2021 until on or about October 12, 2025.

47. Plaintiff Picon worked as a plumber.

48. Plaintiff Picon regularly handled goods produced in interstate commerce, such as plumbing tools, and other tools produced outside the state of New York.

49. Plaintiff Picon's work duties required neither discretion nor independent judgment.

50. Throughout his employment with Defendants, Plaintiff Picon regularly worked in excess of 40 hours per week.

51. From approximately June 2, 2021 until on or about October 12, 2025, Plaintiff Picon worked from approximately 7:00 a.m. until on or about 6:00 p.m. Mondays through Saturdays (typically 66 hours per week).

52. Throughout his employment, Defendants paid Plaintiff Picon his wages via Zelle.

53. From approximately June 2, 2021 until on or about December 2021, Defendants paid Plaintiff Picon $22.00 per hour

54. From approximately January 2022 until on or about June 2022, Defendants paid Plaintiff Picon $25.00 per hour.

55. From approximately July 2022 until on or about October 12, 2025, Defendants paid Plaintiff Picon $28.00 per hour.

56. Plaintiff Picon, however, did not receive any pay for eight weeks of work in 2025.

57. Although defendants granted Plaintiff Picon 45-minute meal breaks, they constantly interrupted these breaks by requiring him to stop eating and get work done.

58. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Picon regarding overtime and wages under the FLSA and NYLL.

59. Defendants did not provide Plaintiff Picon an accurate statement of wages, as required by NYLL 195(3).

60. Defendants did not give any notice to Plaintiff Picon, in English and in Spanish (Plaintiff Picon's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61. As a result of Defendants' failure to provide Plaintiff Picon with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

62. Defendants required Plaintiff Picon to purchase "tools of the trade" with his own funds—including a variety of plumbing tools including but not limited to nivels, grinders, hammer drill, impact drill, zozo (cutting machine), shanelock, hammer, metro, bit, and drill extensions.

*Plaintiff Jose Yoner Delgado Navarro*

63. Plaintiff Delgado was employed by Defendants from approximately November 2023 until on or about May 18, 2025.

64. Plaintiff Delgado worked as a plumbing assistant.

65. Plaintiff Delgado regularly handled goods produced in interstate commerce, such as Plumbing tools, and other tools produced outside the state of New York.

66. Plaintiff Delgado' work duties required neither discretion nor independent judgment.

67. Throughout his employment with Defendants, Plaintiff Delgado regularly worked in excess of 40 hours per week.

68. From approximately November 2023 until on or about May 18, 2025, Plaintiff Delgado worked from approximately 7:00 a.m. until on or about 6:00 p.m. Mondays through Fridays or Saturdays (typically 55 to 66 hours per week).

69. Throughout his employment, Defendants paid Plaintiff Picon his wages either in cash or via Zelle.

70. From approximately November 2023 until on or about May 18, 2025, Defendants paid Plaintiff Delgado $18.00 per hour.

71. Plaintiff Delgado, however, did not receive any pay for six weeks of work from approximately March 2025 until on or about May 18, 2025.

72. Although defendants granted Plaintiff Delgado 45-minute meal breaks, they constantly interrupted these breaks by requiring him to stop eating and get work done.

73. Defendants required Plaintiff Delgado to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

74. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Delgado regarding overtime and wages under the FLSA and NYLL.

75. Defendants did not provide Plaintiff Delgado an accurate statement of wages, as required by NYLL 195(3).

76. Defendants did not give any notice to Plaintiff Delgado, in English and in Spanish (Plaintiff Delgado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

77. As a result of Defendants' failure to provide Plaintiff Delgado with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

78. Defendants required Plaintiff Delgado to purchase "tools of the trade" with his own funds—including a variety of plumbing tools.

*Plaintiff Freddy Bilbao*

79. Plaintiff Bilbao was employed by Defendants from approximately June 2, 2021 until on or about December 6, 2025.

80. Plaintiff Bilbao worked as a plumbing assistant.

81. Plaintiff Bilbao regularly handled goods produced in interstate commerce, such as plumbing tools, and other tools produced outside the state of New York.

82. Plaintiff Bilbao's work duties required neither discretion nor independent judgment.

83. Throughout his employment with Defendants, Plaintiff Bilbao regularly worked in excess of 40 hours per week.

84. From approximately June 2, 2021 until on or about December 6, 2025., Plaintiff Bilbao worked from approximately 7:00 a.m. until on or about 6:00 p.m. Mondays through Saturdays (typically 66 hours per week).

85. Throughout his employment, Defendants paid Plaintiff Bilbao his wages via Zelle.

86. From approximately June 2, 2021 until on or about December 6, 2025., Defendants paid Plaintiff Bilbao $22.00 per hour

87. Plaintiff Bilbao, however, did not receive any pay for nine weeks of work in 2025.

88. Although defendants granted Plaintiff Bilbao 45-minute meal breaks, they constantly interrupted these breaks by requiring him to stop eating and get work done.

89. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bilbao regarding overtime and wages under the FLSA and NYLL.

90. Defendants did not provide Plaintiff Bilbao an accurate statement of wages, as required by NYLL 195(3).

91. Defendants did not give any notice to Plaintiff Bilbao, in English and in Spanish (Plaintiff Bilbao's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

92. As a result of Defendants' failure to provide Plaintiff Bilbao with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

93. Defendants required Plaintiff Bilbao to purchase "tools of the trade" with his own funds—including a variety of plumbing tools.

*Plaintiff Danilo Giovanni Taipe Gutierrez*

94. Plaintiff Gutierrez was employed by Defendants from approximately August 2024 until on or about March 30, 2025.

95. Plaintiff Gutierrez worked as a plumbing assistant.

96. Plaintiff Gutierrez regularly handled goods produced in interstate commerce, such as Plumbing tools, and other tools produced outside the state of New York.

97. Plaintiff Gutierrez's work duties required neither discretion nor independent judgment.

98. Throughout his employment with Defendants, Plaintiff Gutierrez regularly worked in excess of 40 hours per week.

99. From approximately August 2024 until on or about March 30, 2025, Plaintiff Gutierrez worked from approximately 7:00 a.m. until on or about 5:00 p.m. Mondays through Fridays or Saturdays (typically 50 to 60 hours per week).

100. Throughout his employment, Defendants paid Plaintiff Gutierrez his wages either in cash or via Zelle.

101. From approximately August 2024 until on or about March 30, 2025, Defendants paid Plaintiff Gutierrez $18.00 per hour.

102. Plaintiff Gutierrez, however, did not receive any pay for five weeks of work.

103. Although Defendants granted Plaintiff Gutierrez 45-minute meal breaks, they constantly interrupted these breaks by requiring him to stop eating and get work done.

104. Defendants required Plaintiff Gutierrez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

105. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gutierrez regarding overtime and wages under the FLSA and NYLL.

106. Defendants did not provide Plaintiff Gutierrez an accurate statement of wages, as required by NYLL 195(3).

107. Defendants did not give any notice to Plaintiff Gutierrez, in English and in Spanish (Plaintiff Gutierrez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

108. As a result of Defendants' failure to provide Plaintiff Gutierrez with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

109. Defendants required Plaintiff Gutierrez to purchase "tools of the trade" with his own funds—including a variety of plumbing tools.

*Plaintiff Jose Raul Francia Estrada*

110. Plaintiff Estrada was employed by Defendants from approximately March 2, 2024 until on or about March 30, 2025.

111. Plaintiff Estrada worked as a mechanic's assistant.

112. Plaintiff Estrada regularly handled goods produced in interstate commerce, such as Plumbing tools, steel bars, and other tools produced outside the state of New York.

113. Plaintiff Estrada's work duties required neither discretion nor independent judgment.

114. Throughout his employment with Defendants, Plaintiff Estrada regularly worked in excess of 40 hours per week.

115. From approximately March 2, 2024 until on or about March 30, 2025, Plaintiff Estrada worked from approximately 7:00 a.m. until on or about 6:00 p.m. Mondays through Fridays or Saturdays (typically 55 to 66 hours per week).

116. Throughout his employment, Defendants paid Plaintiff Estrada his wages in cash or by Zelle.

117. From approximately March 2, 2024 until on or about March 30, 2025, Defendants paid Plaintiff Estrada $18.00 per hour.

118. Plaintiff Estrada, however, did not receive any pay for five weeks and two days of work.

119. Although Defendants granted Plaintiff Estrada 45-minute meal breaks, they constantly interrupted these breaks by requiring him to stop eating and get work done.

120. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Estrada regarding overtime and wages under the FLSA and NYLL.

121. Defendants did not provide Plaintiff Estrada an accurate statement of wages, as required by NYLL 195(3).

122. Defendants did not give any notice to Plaintiff Estrada, in English and in Spanish (Plaintiff Estrada's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

123. As a result of Defendants' failure to provide Plaintiff Estrada with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

124. Defendants required Plaintiff Estrada to purchase "tools of the trade" with his own funds—including a variety of plumbing tools.

*Defendants' General Employment Practices*

125. Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of 40 hours per week without paying them the proper minimum wage and overtime compensation.

126. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL by not paying Plaintiffs the wages required under these laws.

127. Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling far below the required minimum wage rate.

128. Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

129. Plaintiffs were paid their wages in cash or via Zelle.

130. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for their full hours worked.

131. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

132. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former plumbing workers.

133. Defendants also failed to post at the workplace, or otherwise provide to Plaintiffs, the required postings or notices regarding the applicable wage and hour requirements of the FLSA and NYLL.

134. Defendants failed to provide Plaintiffs with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

135. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

136. As a result of Defendants' failure to provide Plaintiffs and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiffs and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

137. Plaintiffs bring this FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

138. At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions.

139. At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who are and/or were similarly situated, were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

140. At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who are and/or were similarly situated, were subject to Defendants' willful failure to keep records required by the FLSA.

141. The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

**FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

142. Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

143. Plaintiffs bring their New York Labor Law prevailing wages, overtime, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

144. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

145. There are questions of law and fact common to the Class including:

a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d) Whether Defendants failed and/or refused to pay Plaintiffs the prevailing wages and overtime at the premium rate within the meaning of the New York Labor Law;

e) Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g) What are the common conditions of employment and in the workplace, such as record-keeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

146. The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols, and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

147. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The named Plaintiffs are represented by

attorneys who are experienced and competent in both class action litigation and employment litigation.

148. The common questions of law and fact predominate over questions affecting only individual members.

149. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

150. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

151. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

152. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

153. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

154. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

155. Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

156. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

157. Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

158. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

159. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

160. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

161. Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

162. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

163. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

164. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

165. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

166. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

167. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

168. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

169. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

170. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

171. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

172. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

173. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

174. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

175. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

176. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

177. As a result of Defendants' failure to furnish accurate statements to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

178. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW

179. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

180. Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

181. Defendants are liable to Plaintiffs in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

182. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

183. Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

184. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA have been willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f) Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wages, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and Rule 23 Class members;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and the Rule 23 Class members;

(j) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs and the FLSA and Rule 23 Class members;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs', (and the FLSA and Rule 23 class members) compensation, hours, wages, and any deductions or credits taken against wages;

(l) Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as applicable;

(m) Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL timeliness, notice, and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiffs and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiffs and the FLSA and Rule 23 Class Members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, NY

September 9, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ *Michael Faillace*
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, NY 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*